LESTER & BRO. v. SALLACK *et al.*

New trial: PRACTICE. The supreme court will not hesitate to reverse an order of the court below, overruling a motion for a new trial based on the ground that the verdict is against the evidence, where it clearly appears that such conflict exists.

*Appeal from Benton Circuit Court.*

FRIDAY, JUNE 9.

THIS is a proceeding to assess damages incurred by reason of the location of a county road upon the land of plaintiffs. There was a verdict and judgment in the circuit court, in favor of plaintiffs, in the sum of $180 from which they appeal.

*Shane & McCartney* and *E. S. Johnson* for the appellants.

*C. H. Conklin* for the appellee.

BECK, J. — The only objection made by appellants is directed to the verdict of the jury, which, they claim, is contrary to the evidence, and does not award such amount of damages as the proof established at the trial. This objection was properly made in the court below, by a motion for a new trial. No complaint is made of the rules of law given by the court to the jury; they appear to be satisfactory to each party.

In our opinion, the verdict fails to accord with the evidence in the amount of the damages found. It is scarcely half the sum which would result from taking the average of the different amounts proved by the several witnesses for the defendants. And yet it is very apparent that the

estimates of all of these witnesses were based upon allowances for advantages which they claimed would accrue to plaintiffs by the location of the road. One witness testifies that the advantages would be more than the damages, and he therefore estimates no damage at all. The evidence of this witness is considered in arriving at the average above stated.

The verdict is therefore most apparently unjust toward plaintiffs, in that it is less in amount than it should have been upon the basis of defendant's evidence, even though that evidence, by allowing for benefits, failed to estimate the full amount of plaintiffs' damages. While an appellate court will cautiously, and even reluctantly, interfere with a ruling of an inferior court, refusing to set aside a verdict on the ground that it conflicts with the evidence, yet, if it clearly so appears, such ruling must be reversed that the ends of justice, for the attainment of which courts exist, may be reached. In our opinion the verdict of the jury in this case is clearly against the evidence, and, if permitted to stand, would work injustice to plaintiff. It should have been set aside by the circuit court. *Jourdon* v. *Reed*, 1 Iowa, 135; *The State* v. *Tomlinson*, 11 id. 401; *Lodge* v. *Reznor*, 13 id. 600; *McKay* v. *Thorrington*, 15 id. 25; *McAunich* v. *The M. & M. R. Co.*, 20 id. 338.

The judgment of the circuit court is

Reversed.