SADLER v. BEAN ET AL.

EXCESSIVE DAMAGES: ATTACHMENT. Facts considered which justify reversal where excessive damages were allowed for the wrongful sueing out of an attachment.

*Appeal from Page District Court.*

TUESDAY, APRIL 21.

ACTION upon an attachment bond for the alleged wrongful and malicious sueing out of an attachment. Jury trial; verdict for $750. Motion for new trial overruled. Judgment upon the verdict. Defendant appeals.

*Hepburn & Scott* and *W. W. Morsman*, for appellant

*Morledge & McPherson*, for appellee.

DAY, J.—Prior to the sueing out of the attachment, plaintiff and defendant had been partners in a drug store, defendant having in said business a capital stock of $1000 and plaintiff $200, and putting in also his earnings as a physician. This partnership was dissolved by mutual consent, Sadler selling out to Bean. Bean was to take the assets of the firm, and assume its debts, draw out his $1000 capital and enough to equalize their individual accounts, and if anything remained it was to be equally divided.

After they had invoiced one day, Bean sued out an attachment against Sadler, and caused the same to be levied upon drugs and goods in a store in Villisca, and upon land and personal property in Hawleyville. The property attached in Villisca was discharged upon the execution of a bond by Sadler, with sureties.

Plaintiff claims that he has proved the following items of actual damage sustained by the levying of the attachment, to.wit: Value of corn attached, $59.07½; value of oats, $8.25; value of hay, $50.00; venison ham, $2.00; costs of writ of attachment, $39.50; value of colt attached, $35; damage to goods at Villisca, $5.00; attorney's fees in releasing Villisca property, $50.00.

The evidence shows that the attorneys' fee was paid as the entire compensation for defending the action in which the attachment was sued out, and not for defending against the attachment proceeding. It, therefore, does not constitute part of the damage sustained by the sueing out of the attachment. *Plumb v. Woodmansee*, 34 Iowa, 116.

The evidence shows that all the other property attached, except the colt, was property of the firm, which would have been turned over to Bean under the arrangement for dissolution, if its consummation had not been prevented by the issuing of the attachment.

It is claimed, however, by appellee that when the original attachment suit was determined, this property was charged to Sadler, and became his. The evidence does not warrant this conclusion. Sadler makes no such claim in his testimony. Bean testifies that he did not know this property was firm

property until after the commencemont of the suit upon the attachment bond, that Sadler always claimed it was his individual property. It seems to us quite clear, therefore, that this property was not taken into consideration in the attachment suit.

The plaintiff's actual damage, therefore, is as follows:

| | |
|---|---|
| Value of the colt attached.......................... | $35.00 |
| Damage to goods at Villisca......................... | 5.00 |
| Costs on writs of attachment........................ | 39.50 |
| One-half the firm property attached................ | 59.66¼ |
| Making the entire damage...................... | $139.16¼ |

All in excess of this sum, or $610.83¾, the jury must have allowed as examplary damages. The verdict returned is for more than five times the actual injury. It does not very satisfactorily appear that any exemplary damages should have been allowed. Conceding, however, that a verdict in this case should not be set aside simply because it contained exemplary damages, yet the damages allowed are so disproportioned to the actual injury, as to lead irresistibly to the conclusion that the verdict was not the result of a deliberate and dispassionate examination of the testimony. The evidence discloses no aggravated circumstances showing malice.

Whilst we interfere very reluctantly with the ruling of an inferior court, refusing to set aside the verdict of a jury on the ground that it conflicts with the evidence, yet if it clearly does so, and works manifest injustice, such ruling must be reversed that the ends of justice may be reached. *Lester & Bro. v. Sallack*, 31 Iowa, 477; *McAunich v. Mississippi & Missouri R. R. Co.*, 20 Iowa, 338; *Huntingdon v. Howe et al.*, 15 Iowa, 606.

The verdict of the jury should have been set aside on the ground of its excessiveness.

REVERSED.