[S. F. No. 468.   Department One.—December 31, 1896.]

# F. P. HOWLAND, Respondent, *v.* OAKLAND CON-SOLIDATED STREET RAILWAY COMPANY, and CONSOLIDATED PIEDMONT CABLE COMPANY, Defendants.   OAKLAND CONSOLIDATED STREET RAILWAY COMPANY, Appellant.

Negligence—Collision of Electric and Horse Cars—Evidence—Condition of Electric-car—Improper Cross-examination—Reference to Testimony in Another Action—Error not Cured.—Upon the trial of an action for alleged negligence of the defendants in causing a collision of an electric motor car and a horse-car, whereby plaintiff was injured, where one of the controverted questions relates to the defective condition of the brakes upon the electric-car, where a witness for the defendant had testified that he was the car repairer for the defendant owning the electric-car, and that its brakes were in good condition on the day of the accident, it is error to allow the plaintiff, on cross-examination, to ask if the witness had not been told that the motorman had testified, in another action, that the brakes were out of order, the witness not having referred to the motorman, nor to his testimony, on the direct examination; nor is such error cured, or rendered harmless, by a direction to the jury that they were not to consider as evidence any statements of counsel as to what testimony was given on a previous trial, which omits to tell them that there was no competent evidence before them of what the evidence on that trial was.

Id.—Nervous Condition of Plaintiff—Irrelevant Evidence of Another Inquiry.—It is error to permit plaintiff to be examined as to irrelevant particulars of his injury from another collision, for which defendants were not responsible, as explanatory of his alleged nervous appearance at the time of trial.

Id.—Improper Suggestion of Judge as to Evidence—Intimation of Opinion to Jury.—It is improper for the judge in denying a motion to strike out testimony given before a jury to suggest that the testimony may stand "for what it is worth," that expression being liable to be taken by the jury as an intimation that, in the opinion of the court, the evidence was of little consequence.

Id.—Opinion of Expert—Hypothetical Question—Facts not Detailed—Hearing of Testimony—Objection on Appeal for First Time.—Where the opinion of an expert is asked upon facts not detailed in a hypothetical question put to the witness, it should appear that the witness had heard the testimony; but the objection that it does not so appear cannot be considered upon appeal for the first time.

Id.—Opinion of Nonexpert—Witness—Stoppage of Horse-car—Avoidance of Collision.—A witness who was on the platform of the horse-car at the time of its collision with the electric-car, and who saw the situation, though not an expert, may testify to his opinion that had the driver of the horse-car been at his post, the car could have been stopped to avoid it.

APPEAL from a judgment of the Superior Court of Alameda County and from an order denying a new trial. A. L. FRICK, Judge.

The main facts are stated in the opinion of the court. The question asked witness Dr. Stratton, referred to in subdivision 4 of the opinion, is as follows: "Assuming as a fact that this lady, on the twenty-fourth day of June, 1892, had been riding on an electric-car which collided with another car, a horse-car, at the intersection of Adeline and Sixteenth streets; that she had been thrown violently to the ground, and had received injuries which caused her to be bruised from her shoulders to her feet on the left side; had sustained a slight dislocation of the bone in the right foot, and all the other injuries which she has described; suppose those conditions to be present, what, in your judgment, was it that caused the symptoms of miscarriage which you noticed, and which afterward occurred; was it the accident?"

*Chickering, Thomas & Gregory,* and *Fitzgerald & Abbott,* for Appellant.

The court erred in allowing the question asked witness Stratton, as there is no evidence that the witness heard the testimony of Mrs. Howland, and he could not express an opinion in answer to a question predicated upon her evidence as to the injuries she had sustained. (*Dickenson* v. *Fitchburg,* 13 Gray, 546; Rogers on Expert Testimony, secs. 15, 27; *People* v. *Lake,* 12 N. Y. 358; *Sebrell* v. *Barrows,* 36 W. Va. 212; *Page* v. *Mayor,* 10 N. Y. Supp. 826; *People* v. *Dunne,* 80 Cal. 34; *People* v. *Harris,* 136 N. Y. 423; *Barber's Estate,* 63 Conn. 393.) The court erred in admitting the question asked witness Cunningham regarding Tyler, the motorman, as they assume a fact not proven, and they attempt to impeach the witness upon a collateral matter. (*Furst* v. *Second Avenue R. R. Co.,* 72 N. Y. 542; *Hewitt* v. *Clark,* 91 Ill. 605; *People* v. *Graham,* 21 Cal. 261; *Birch* v. *Hale,*

99 Cal. 299.)   And the improper conduct of counsel in bringing before the jury facts not properly in evidence, may be ground for a new trial, although the court does everything in its power to remove from the minds of the jury any impression that they might thereby receive. (*People* v. *Ah Len*, 92 Cal. 282; 27 Am. St. Rep. 103; *People* v. *Lee Chuck*, 78 Cal. 317; *People* v. *Mitchell*, 62 Cal. 411; *Tucker* v. *Henniker*, 41 N. H. 317.)   The court erred in overruling the objections to the questions asked witness F. P. Howland, as it was an attempt to bring before the jury the entirely irrelevant fact that plaintiff had been injured in another collision prior to the time of trial, and had since suffered spinal trouble. (*Bloomington* v. *Shrock*, 110 Ill. 219; 51 Am. Rep. 678; *Lilley* v. *Parkinson*, 91 Cal. 655.)   The court erred in instructing the jury that "you are limited, if you find plaintiff is entitled to damages at all, to the actual pecuniary injury sustained to his wife," and the error was not cured by the giving of other instructions thereafter, which were inconsistent and contradictory to the one first given.   (*Sappenfield* v. *Main Street etc. R. R. Co.*, 91 Cal. 48; *Brown* v. *McAllister*, 39 Cal. 573; *Chidester* v. *Consolidated etc. Ditch Co.*, 53 Cal. 56.)   The court erred in refusing to allow the question, "Mr. Perry, had McCarthy been on the platform attending to his duties at the time you saw the electric-car, could he, in your opinion, have stopped that car before the collision?" as the subject matter of the question is not a proper one for expert testimony.   (*Meyer* v. *Brooklyn City Ry. Co.*, 30 N. Y. Supp. 334; *Healy* v. *Visalia etc. R. R. Co.*, 101 Cal. 585.)

*Coogan & Foote*, and *F. E. Whitney*, for Respondent.

The objection to the question asked witness Stratton cannot be made in the appellate court for the first time. (*Howland* v. *Oakland etc. Ry. Co.*, 110 Cal. 513.)   The court removed all danger of prejudice to appellant by the questions asked concerning motorman Tyler, by its instructions.   (*Chesebrough* v. *Conover*, 140 N. Y. 382.)

Before the judgment will be reversed, it must appear that the questions were so prejudicial that a different result would have been obtained had they not been asked. (*Brusie* v. *Peck*, 16 N. Y. Supp. 645; *Porter* v. *Throop*, 47 Mich. 313; *State* v. *Robertson*, 26 S. C. 117; *People* v. *Ross*, 95 Cal. 383; *State* v. *Zumbunson*, 7 Mo. App. 526; *Lamar* v. *State*, 65 Miss. 93.)

VAN FLEET, J.—The action was to recover damages resulting to plaintiff from loss of the aid and services of his wife, and the comfort of her society, and incidental medical expenses incurred, by reason of personal injuries suffered by the wife through the negligence of the defendants.

Plaintiff had judgment against both defendants, and the Oakland Consolidated Street Railway Company appeals therefrom and from an order denying its motion for a new trial, assigning as erroneous certain rulings in the admission of evidence and in the giving of an instruction, and that the damages are excessive. Several of these rulings we regard as so obviously and prejudicially erroneous as to demand a new trial.

1. The injuries were the result of a collision between an electric motor car, in charge of the servants of appellant, and a horse-car of its codefendant, at a point where their roads cross—the wife, a passenger on the car of appellant, being thrown therefrom by the shock and hurt.

One of the controverted questions in the case, growing out of the issue of appellant's negligence, was as to the condition of its car at the time of the accident—the claim of the plaintiff being that it had negligently permitted the brakes on the car to become so far out of repair that they were inadequate to stop or check its speed in time to avoid the collision.

Charles Cunningham, a witness on behalf of this defendant (appellant), had testified on his direct examination that at the date of the accident he was a car repairer for said defendant, and that the brakes on the

car were in good condition on the day of the accident.
On cross-examination, after some questions intended to
elicit the fact that the witness knew the car or brake
was in bad order, he was asked: "Q. Well, you knew
it was, did n't you? Don't you know that you were
dragged out of bed and brought in from the carhouse
out there in a suit of overalls, *after Mr. Tyler had testified
that this car was not in good condition,* fifteen months
afterward?"

The Tyler referred to in the question was not a wit-
ness in this case, but it had appeared, incidentally, that
he was the motorman in charge of appellant's car at the
time of the accident, and had given testimony in another
action, previously tried, brought by this plaintiff and
his wife jointly, against the same defendants to recover
damages suffered by the wife from the personal injuries
received in the same accident.

The question was objected to on several grounds—
among others, as incompetent, as containing an im-
proper assumption of fact; "that there is no evidence of
a statement by Tyler in the former case in this case."
The court ruled: "There is nothing in this question as
to what Mr. Tyler's testimony was. He may answer the
question." The witness having answered that he did
not know whether Mr. Tyler had testified in the former
case before he did or not, because he did not hear his
testimony, this question was asked: "I understand you
did n't; but did n't the superintendent of the road tell
you that *Mr. Tyler had testified that these brakes were out
of order,* and that you were to come and testify that they
were in good condition?" This question was also ob-
jected to, as bringing before the jury a statement of a
third party not under oath. The objection was likewise
overruled, and the witness answered.

Appellant, having reserved an exception to these rul-
ings, now urges that they were erroneous, and that the
objectionable matter embraced in the questions, which
was thus permitted to find its way into the case, was of
a character to greatly prejudice the appellant's case with

the jury.   The questions were clearly improper for any purpose.   Neither Tyler nor his testimony in the previous case had been mentioned by the witness, and the questions were, therefore, not intended, nor were they admissible, as cross-examination of anything stated by the witness; while they involved not only an attempt to impeach the witness upon a collateral issue, which was in itself improper, but what was, under the circumstances of the case, a more serious objection, they brought to the attention of the jury, and assumed as facts, things not in proof bearing upon one of the most material issues, and of a character highly calculated to improperly affect their consideration.   As suggested by appellant, the jury could hardly have failed to get the impression from these questions that Tyler had testified in the former case that the brakes were out of order; and, as the jury had been made aware of the fact that Tyler was the motorman in charge of the car at the time of the accident, they would naturally suppose that he, of all others, ought to know what the condition of the brakes was.   It is true that the trial judge said, in answer to the first objection, that the question did not disclose what Tyler's testimony had been, but in this suggestion he was manifestly in error.

Respondent in fact makes no serious effort to evade the objection that the questions were improper, but he contends that if any impression was made thereby upon the jury, it must have been removed by the comments of the judge made at the time of the ruling and afterward in his instructions.   But while, under some circumstances, errors of this character are susceptible of being thus obviated, we do not think that anything said by the judge, in the present instance, was justly calculated to wholly remove from the minds of the jury the evil effect of these questions.   The jury were told in effect that they should not consider as evidence any statements of counsel as to what testimony was given on the previous trial, and that the evidence was not admitted for that purpose, but they were not instructed

that there was no competent evidence before them of what the evidence on that trial was; and, as the judge admitted these questions and several others containing the same objectionable suggestions over defendant's exception, without clearly defining the purpose for which they were admitted, the jury, notwithstanding what was said by the court, may well have been left with the impression that the matter objected to was competently before them for consideration.   In such a case we think the just and safe rule is that followed in *People* v. *Ah Len*, 92 Cal. 282, 27 Am. St. Rep. 103, where it was held that the only certain way of avoiding an error of similar character, where it does not clearly appear that it was rendered harmless, is by granting a new trial.

2. During plaintiff's examination by his counsel as a witness in his own behalf this occurred:

" Q. Mr. Howland, you appear to be somewhat nervous this afternoon; have you recently suffered an accident? A. Well, I struck a collision up here in the tunnel about a month ago.

" Q. You were on the train that collided at the mouth of the tunnel? "

To which question counsel for the Oakland Consolidated Street Railway Company objected on the ground that it was incompetent, irrelevant, and immaterial; which objection was by the court overruled and an exception duly taken by said defendant.

" *Counsel for plaintiff.* I want to show the witness is suffering from an injury not connected with this case.

" *Counsel for defendant.* That is all?   It is immaterial where he obtained the accident.

" *Counsel for plaintiff.* Let us see.   Let the court pass upon it.

" Q. You were running as a postal clerk about a month or so ago, were you not?   A. Yes, sir.

" Q. The postal-car is next to the engine, isn't it? A. Yes, sir.

" Q. Were you on either of the trains which collided

at the mouth of the tunnel near Altamont in this county about a month ago? "

The same objection was made to this and overruled.

" A. Yes, sir.

" *The Court.* Of course, gentlemen of the jury, you will understand the question is not admitted as in anywise affecting the rights of either of these defendants; but simply in explanation of the manner of the witness upon the stand, *if there has been anything peculiar in his manner. I don't know whether there has.*

" *Counsel for plaintiff.* You were on that train? A. Yes, sir.

" Q. Did you receive any injury? "

This question was objected to for like reasons and overruled. " A. Yes, sir.

" Q. Been treated for it since; some spinal trouble, isn't it? "

This was also objected to and overruled.

"*Counsel for defendant.* I do not know the object of this. There has been nothing peculiar in Mr. Rowland's manner that I have discovered. I do not see the idea of proving that this gentleman has been in another accident.

"*The Court.* I think it has gone far enough.

"*Counsel for plaintiff.* Certainly, and I have stopped.

"*The Court.* I understood the purpose in asking this question is to explain to the jury; the witness appears to be nervous. The jury have a right in attaching certain weight to the testimony of witnesses to determine what weight they should give it, to take into consideration his manner and appearance."

We have stated the matter thus fully the better to show its objectionable character. This whole examination was improper as bringing specially and prominently into the case a fact in itself wholly irrelevant to the issues, which, in view of the nature of the action, was well calculated to excite the sympathy of the jury in behalf of plaintiff in his misfortune, and possibly in-

duce a verdict in excess of that warranted by any proper evidence in the case.

Conceding that the plaintiff was entitled to explain the cause of anything unusual in his manner or conduct on the stand, the course pursued was wholly unwarranted and should not have been allowed. At most a statement in general terms of the cause of his apparent nervousness, if that fact was manifest, was all plaintiff was entitled to make on his direct examination. A party has no right for any such purpose to virtually cross-examine his own witness and bring in irrelevant matters. Moreover, it would seem from the suggestions of the court that there was no occasion for any inquiry upon the subject.

3. It was likewise improper for the judge, in denying plaintiff's motion to strike out certain testimony of appellant's witness Mulverhill, to suggest that the testimony might "stand *for what it is worth.*" Although evidently not so intended, the expression was liable to be taken by the jury as an intimation that in the opinion of the court the evidence was of little consequence. If proper to remain for the consideration of the jury the evidence was to be weighed solely by the latter.

4. The particular objection now urged to the hypothetical question put to Dr. Stratton was not specified in the court below, and cannot be here considered for the first time. (*Howland* v. *Oakland etc. Ry. Co.*, 110 Cal. 513.) Had it been made it should have been sustained. Where the opinion of an expert is asked upon facts not detailed in the question itself, but the witness is referred to the testimony of another for such facts, it should appear that the witness had heard the testimony.

5. We think the court should have allowed the question asked of the witness Perry as to whether, had the driver of the horse-car been at his post, the car could have been stopped to avoid the collision. The witness was on the platform of that car at the time and saw the situation, and the question was one upon which any man of mature and ordinary judgment was competent

to express an opinion. (Rodgers on Expert Evidence, 2d ed., sec. 3.) An ordinary horse-car is not run or controlled by any such intricate force or mechanism as an electric, steam, or cable car, and the question, therefore, did not fall within the rule of *Howland* v. *Oakland etc. Ry. Co.*, *supra*, as involving the skill or experience of an expert.

The remaining exceptions need no particular notice.

The instruction complained of has been shown to have been unobjectionable as given, by an amendment to the statement filed since the argument; and the objection to the verdict as excessive may not again arise.

The judgment and order are reversed.

Harrison, J., and McFarland, J., concurred.