PATRICK QUINLAN V. THE CHICAGO, ROCK ISLAND & PA-
CIFIC COMPANY, Appellant.

**Expert Evidence: DUTIES OF BRAKEMAN:** *New trial.* Plaintiff's
intestate, a brakeman on defendant's road, was thrown from
the top of a freight car, and killed, while the train was being
backed, under directions of the head brakeman, to kick certain
cars on to a switch. The head brakeman had failed to uncouple
the cars to be kicked off, so that when he signaled to stop, the
sudden jerk threw deceased to the ground. *Held,* such head
brakeman should have been permitted to testify what deceased's
duties on top of the car were, and what his duty would have
been as to stopping a switched car if it had been detached, since
the questions called for a statement by an experienced witness
for what purpose a brakeman would be in such a position under
like circumstances, and did not call for testimony of an expert
as to the general nature of decedent's duties and his ordinary
and customary work.

EXCLUSION OF TESTIMONY: *When showing of what is proposed is un-
necessary.* As the evidence intended to be elicited by the ques-
tions was plaintly material and competent as bearing on the
negligence of deceased and his fellow brakeman, it was unneces-
sary for counsel to state what he expected to prove by the
answers in order to render exclusion of the questions prejudicial
error.

*Appeal from Johnson District Court.*—HON. M. J. WADE,
Judge.

WEDNESDAY, JANUARY 23 1901.

THIS action was brought by the adminstrator of Law-
rence Quinlan, deceased, to recover damages resulting from
his death, which was due to injuries received while in the
employ of defendant, and alleged to have been caused by
the negligence of defendant's employes in operating a train
on which deceased was engaged in the discharge of his duties
as brakeman. A verdict was returned for defendant, which
was set aside by the court on a motion for a new trial. From
this ruling defendant appeals.—*Affirmed.*

*Carroll Wright, A. E. Swisher* and *Robert Mather* for
appellant.

*Remley, Ney & Remley* for appellee.

McCLAIN, J.—The motion for a new trial was sus-
tained, as appears from the written opinion filed by the
judge, on account of the action of the court in sustaining the
objection to certain questions propounded to plaintiff's wit-
ness and objected to as incompetent. This witness was the
head brakeman of the train in connection with which Quin-
lan was employed at the time of the accident, and it appears
that at that time witness was controlling the motions of the
train by means of signals to the engineer, for the purpose of
having some cars kicked off upon a switch, from which cars
Quinlan fell, and received the injuries resulting in his
death. The witness testified that Quinlan climbed upon
these cars, while the train was being backed, for the purpose
of throwing the rear cars upon a switch, and while witness
was attempting to uncouple these cars; that witness failed to
effect the uncoupling; and that, when the signal to stop the
train was obeyed, the cars were checked with a jerk, and
Quinlan, who stood either erect or leaning over on top of
the rear car near one corner of it, was thrown to the ground.
It was proper for plaintiff to show that deceased was at the
place where he was standing on top of the car in the proper
discharge of his duties, not only in order to disprove con-
tributory negligence, which was a question in issue, but also
for the purpose of attempting to show that the witness was
negligent in his conduct, in view of the danger to deceased
which was involved in the discharge of his duties.
The following questions, with such answers as ap-
pear in the record to have been allowed to be given,
were asked, and to those not answered the objection that they
were incompetent was sustained in each instance: "Tell the

jury what Quinlan's duties were on top of the car."   "Tell
the jury, if you know, what Quinlan's duties were on top
of that car."   "Tell the jury what Quinlan was on top of that
car for."   "Tell the jury for what purpose Quinlan was on
top of that car."   "What was he there for?"   "Do you know
what his duties were on top of the car at any time?"   "If the
car had been detached when the train stopped. and had gone
back and the kicked switch made, what were Quinlan's duties
then with reference to stopping the car?"   "If the car had
been kicked in there as you intended, what were Quinlan's
duties with reference to setting that brake, and endeavoring
to stop the car from running into those other cars, when the
kick was made?"   "If the switch had been made as you came
to it, and the brake had not been set, what would have oc-
curred to this car that was being kicked in there colliding
with the cars that stood on the house track?   Ans. It may
have run down to the cars.   May have hit the cars a little;
that is, if it had gone in the way I intended it to."   "What
were Quinlan's duties standing on that car as it was being
kicked in, as to setting that brake and preventing the col-
lision?"   "State what was the custom in making a kick of
this kind, and putting a car in that manner in on the switch,
as to somebody being with the car and setting the brake. Ans.
The man generally catches the car that is kicked." The wit-
ness then said:  "It is all right for him to be on the car when
it is being kicked.   He watches the car, and when it gets to
where he wants it he stops it by setting the brake."   It was
for error in these rulings that the motion for new trial was
sustained.   Appellant contends that these questions were im-
proper, and that the original ruling sustaining the objections
to them was correct.   His contention is that they call for
conclusions of the witnesses as to Quinlan's duty at that par-
ticular time, and not for his testimony as an expert as to the
general nature of Quinlan's duties and his ordinary and
customary work.   The general rule as to what is admissible
in this respect on the part of expert witnesses under such

circumstances is thus clearly stated, and is supported by authority cited, especially the cases of *Belair v. Railway Co.,* 43 Iowa, 662; *Allen v. Railway Co.,* 57 Iowa, 623; *Muldowney v. Railway Co.,* 36 Iowa, 462; *Jeffrey v. Railway Co.,* 56 Iowa, 546; *Hamilton v. Railway Co..* 36 Iowa, 36. Appellee does not question the correctness of this distinction, but contends that the questions asked were not open to the objection urged, and we think that in this contention the appellee is correct. While the question is not one which is free from doubt, we are thoroughly convinced that the meaning intended to be conveyed to the witness by the question and the understanding which the witness must have had of their meaning, were that he should state the general purpose for which a brakeman, under the circumstances, would go upon the top of the car, and stand near the corner of it, where the brake was situated, while the cars were being backed for the purpose of kicking them upon a switch, and that the answers to such questions would have been competent evidence for the purpose of showing that deceased was in a proper place, and that the witness had reason to know that he was properly at that place, preparing to do an act which was proper in itself,. although it might subject him to danger. In support of our construction of these questions, see *Czezewzka v. Railway Co.,* 121 Mo. 201 (25 S. W. Rep. 911); *Railroad Co. v.. Smith,* 22 Ohio St. 227, 246; *Howland v. Railway Co.,* 115 Cal. 487 (47 Pac. Rep., 255); *Reifsnyder v. Railway Co.,* 90 Iowa, 76; *Railroad Co. v. Dorsey,* 68 Ga. 228, 235. Putting this construction upon the questions, the court should not have sustained the objections, but should have allowed the questions to be answered. Therefore the court's. refusal to allow them to be answered was error for which a new trial was properly granted, unless, as is contended by appellant, the ruling was error without prejudice.

With reference to the question of prejudice, appellant contends that, in the first place, it does not appear what

.answers it was expected to elicit, and therefore, under, the doctrine that prejudice must appear, we cannot presume that any detriment resulted to the plaintiff.

A doctrine such as that contended for has been frequently announced by this court, but we think not under such circumstances as appear in this case. Of course, where the object for which the questions are asked is not apparent, but it is sought thereby to establish collateral facts, the materiality of which is to be afterwards shown, counsel must state what he expects to prove, and in what way the facts sought to be elicited will become material; otherwise, the sustaining of the objection to his question will be error without prejudice. *Jenks v. Mining Co.*, 58 Iowa, 549; *Gronan v. Kukkuck*, 59 Iowa, 18; *Mosier v. Vincent*, 34 Iowa, 478. It must be conceded that the language used in these cases does not indicate any limitation on the general proposition that, unless the nature of the answer to be elicited appears in the record, the exclusion of the evidence will be deemed to have been without prejudice; but we feel bound to say that in this respect the language used goes too far. There is another proposition equally well established by the authorities, that, where error appears, *it* will be presumed to have been prejudicial, unless want of prejudice appears from the record itself. *Potter v. Railroad Co.*, 46 Iowa, 399; *George v. Railroad Co.*, 53 Iowa, 503; *Strobel v. Moser*, 70 Iowa, 126.

In this instance we find that the questions called for evidence the materiality and competency of which were plainly apparent, and therefore there was error in sustaining the objections. The presumption of error arises, and this presumption is not in any way overcome, unless, as appellant finally contends, the facts sought to be elicited were established by answers which the witness was allowed to give or by other evidence in the case. We did not find, however, elsewhere in the record, any evidence which clearly determines in favor of the plaintiff

the facts which were sought to be shown by the asking of these questions, and we are therefore of the opinion that the action of the trial court in sustaining the motion for a new trial must be affirmed.

We cannot accede to the further contention of appellant, that, whatever might have been the answers to these questions, the plaintiff would, under the evidence, have been unable to recover. There was a question of fact for the jury, and it is not for us to say what influence this evidence, if admitted, would have had on the result.——AFFIRMED.