MIKE RUSSELL, Appellee, v. THE CHICAGO, ROCK ISLAND & PACIFIC RAILWAY COMPANY, Appellant.

**Railroads:** EVIDENCE: CONCLUSIONS. Where a witness was shown
1   to be familiar with the usual, proper and customary manner in which the duties of brakemen were ordinarily performed, he was competent to state whose duty it was to put out signal flags, although the inquiry was in the form of a question as to the duty of a third party.

**Same:** NEGLIGENCE: PLEADINGS: LIMITATIONS. An amendment to
2   the petition in an action for negligence, though filed more than two years after the cause of action accrued, which was a mere amplification of the original charge of negligence, was not subject to the bar of the statute of limitations.

**Same:** NEGLIGENT ASSUMPTION OF RISK. Where a servant has been put
3   to work in a place where signals or guards are reasonably necessary to his safety, the duty of providing such signals or guards devolves upon the master, and the servant may assume that such precaution has been taken for his protection, unless he himself was charged with the duty or knew that the master had not provided therefor. Thus where a servant was directed to go under a car which was standing upon a side track to make repairs, the company was negligent in failing to provide signals to prevent the moving of the car while he was thus engaged.

**Same:** NEGLIGENCE OF FELLOW SERVANT. A servant injured while re-
4   pairing a railway car, by a moving engine or car negligently brought in collision therewith, is within the protection of the statute abolishing the fellow servant rule in cases of negligent acts by an employee, when such negligence is in connection with the use or operation of a railway. In the instant case the liability of defendant was the same whether the co-employee was a vice-principal or fellow workman.

Same: CONTRIBUTORY NEGLIGENCE. The plaintiff, who was directed
to repair a car from beneath, was not negligent as a matter of
law in failing to ascertain, either by asking or inspecting, whether
the company had performed its duty in setting out warning signals
for his protection.

*Appeal from Washington District Court,* HON. JOHN F. TAL-
BOTT, Judge.

FRIDAY, JUNE 6, 1913.

ACTION to recover damages for personal injury. Judg-
ment for plaintiff, and defendant appeals.—*Affirmed.*

*F. W. Sargent* and *R. J. Bannister,* and *Eicher & Living-
ston,* for appellant.

*S. W. & J. L. Brookhart,* for appellee.

WEAVER, C. J.—The plaintiff was in the employ of de-
fendant as a car repairer. On December 19, 1907, with his
foreman, John Leary, he was sent from the town of Eldon
to the town of Brighton, Iowa, for the purpose of making
repairs upon a certain car standing upon one of defendant's
tracks at that place. The nature of the repairs to be made
was such as to require the plaintiff to crawl under the car
and perform the work in a recumbent position. The track
at this place was a side or transfer track upon which the
engines and trains of a connecting road, the Iowa Central
Railway Company, were sometimes operated, and while plain-
tiff was engaged in his work as above described an engine or
train of the Iowa Central Railway was moved in upon said
track and into collision with the car under which he was at
work, causing the same to run upon or over him, severely
bruising and injuring his person and causing him pain and
suffering. He seeks recovery of damages in this action on
the ground that his injury is directly attributable to the negli-

gence of the defendant in failing to protect him against such accidents while under the car by sending out flags or guards or by using other reasonable precaution to prevent such collisions. The defendant denies any negligence on its part, alleges that plaintiff knew of the danger which he describes, and assumed the risk thereof, and also pleads the statute of limitations. There was a verdict and judgment for plaintiff in the sum of $2,450, and defendant appeals.

I. The only rulings upon matters of evidence of which appellant complains is the admission of the plaintiff's testimony concerning the person upon whom rested the duty of putting out signal flags for his protection. The record of this part of the examination is as follows: "Q. I will repeat the question: Do you know whose duty it was to put out the signal flags? (Objected to as calling for the opinion and conclusion of the witness; immaterial, irrelevant, and incompetent. Objection overruled. Defendant excepts.) A. Yes, sir. Q. Now you may state whose it was. (Objected to as calling for the opinion and conclusion of the witness; immaterial, irrelevant, and incompetent. Objection overruled, and the defendant excepts.) A. Mr. Leary's, unless he should order me to." It is the contention of appellant that these rulings were erroneous under the rule applied in *Hamilton v. Railroad Co.*, 36 Iowa, 31, *Jeffrey v. Railroad Co.*, 56 Iowa, 546, and other precedents of that class.

1. RAILROADS:
evidence:
conclusions.

It is true that, looking alone to the mere form of the interrogatories, they approach the line drawn in the cases referred to; but we are of the opinion that, when read in the light of the proved or admitted conditions concerning which the witness was speaking, they come fairly within the spirit of the more recent decisions of which *Quinlan v. Railway*, 113 Iowa, 89, is a typical example, where, although the inquiry is in the form of a question as to the duty of a named person, it is quite clearly intended, and the witness must have understood it, to call for the fact as to the usual, proper and cus-

tomary method or manner in which such duties were ordinarily performed. The witness had long been employed in this branch of the railway service and must be presumed to have been competent to speak on the subject. See, also *Yeager v. Railroad Co.*, 148 Iowa, 231. The exception cannot, therefore, be sustained.

II. The plaintiff was injured December 19, 1907, and this action was begun in October, 1909, In his original petition the plaintiff joined the Iowa Central Railway Company as a codefendant charging the Rock Island Company with negligence in permitting the Central Company to move its train over the track in question without notice to the plaintiff. Later, the Central Company having been dismissed from the action, plaintiff on March 20, 1911, amended his petition stating with greater fullness of detail that defendant was negligent in not putting out signal flags or persons or guards or using other precaution to give warning which would have prevented the collision. To the petition as amended the defendant demurred on the ground that it stated a new and different cause of action and more than two years had elapsed since the alleged right of action arose. The demurrer being overruled, the same matter was pleaded in the answer; but the court refused to submit the issue to the jury or to direct a verdict on that ground.

2. Same: negligence: pleadings: limitations.

The court did not err in this ruling. The original petition charged the defendant with negligence in permitting the Central train to be moved into collision with the car under which plaintiff was at work without giving him notice thereof. The amendment does no more than to state the details of defendant's alleged negligence in permitting the moving train to come into collision with the car, in that such accident could have been prevented by putting out flags or stationing guards or using other reasonable precaution. The amendment is neither more nor less than an amplification of the charge of negligence which had already been made and upon which the

action had been begun within due time. Such amendment was probably unnecessary; but, even if it was necessary in order to permit proof of all these circumstances, it does not follow that it states a new or independent cause of action. See *Gordon v. Railway Co.*, 129 Iowa, 747, *Thayer v. Coal Co.*, 129 Iowa, 550; *Woods v. Lisbon*, 138 Iowa, 405; *Sachra v. Manilla*, 120 Iowa, 562.

III.   The point is made that there is no evidence tending to show negligence on the part of the defendant.   There is evidence tending to show that plaintiff worked in the capacity

3. SAME: negli-
gence: as-
sumption of
risk.

of helper to Leary, who acted as his foreman or boss in directing his labors. On the day in question Leary was ordered to attend to the repairs at Brighton, and went to that place accompanied as usual by the plaintiff.   On arriving at Brighton they went to the tool box at the station, where the plaintiff stopped while Leary went out to hunt up or locate the car to be repaired. About a quarter of an hour later Leary returned, when both went out and entered upon the work.   Nothing was said about flags, and plaintiff's approach to the car was not from the direction where a flag should have been placed to prevent the approach of the train which caused the injury.   There was a rule of the company requiring signal flags to be set out at some distance from cars being repaired for the protection of workmen.   As we have seen, there was also evidence tending to show that the duty of setting the signals rested upon the man in charge of the work unless he directed it to be done by a helper.   This was not done.   While plaintiff says he saw no flag, it does not appear that he was in a place to see up the track and know that none in fact was set there, while the trip of Leary to locate the car afforded the latter opportunity to attend to that duty.   While plaintiff in crawling under the car assumed the risks arising from the defective condition of the car, he did not as a matter of law assume the risk of dangers which were not inherent in the place and could have been avoided by reasonable care on the part of the company.   If

signals or guards were reasonably necessary to his safety while under the car and he had not been charged with the duty of setting them out himself and did not know in fact that none had been provided, he could properly assume that such duty had been performed by his foreman or other person representing his employer or that other proper precautions had been taken to prevent the car being moved while he was under it. This is a doctrine too familiar to require citation of authorities. But see *Pool v. Railroad*, 20 Utah, 210 (58 Pac. 326); *Dean v. Railway Co.*, 38 Wash. 565 (80 Pac. 842); *Western Elect. Co. v. Hanselman*, 136 Fed. 564 (69 C. C. A. 346, 70 L. R. A. 765); *Railroad Co v. Dick*, 11 Ky. Law Rep. 861; *Moore v. Railroad Co.*, 85 Mo. 588; *Ritt's Adm'x v. Railway Co.* (Ky.) 4 S. W. 796. The general rule in cases of this character has recently been quite tersely summarized by the Indiana court, which says that, when the employer "sends his servant into a working place that he knows may become unsafe in the absence of necessary precautions on the part of the master, and which he knows will be safe if such precautions are used, the master cannot escape liability when such precautions are omitted." *Evansville Co. v. Robertson* (Ind. App.) 100 N. E. 693. The evidence was sufficient to take the disputed questions of fact to the jury, and the verdict thereon is conclusive upon this court.

IV. Counsel for appellant seem to argue that the negligence, if any, on the part of Leary, was that of a fellow servant, and hence no liability for the resultant injury is imposed

4. SAME: negligence of fellow servant.

upon the railroad company. The trouble with this argument is that it overlooks the statute, Code, section 2071, which abolishes the fellow-servant rule where the injury is occasioned by the negligence of an employee when such negligence is in any manner connected with the use and operation of a railway. That one, who is engaged in repairing or working upon a standing car and suffers injury by reason of a moving engine or car being negligently brought into collision there-

with, is within the protection of the statute, is well settled. *Jensen v. Railway Co.*, 115 Iowa, 404, and cases there cited. The same principle is recognized in *Pierce v. Railway Co.*, 73 Iowa, 140; *Hughes v. Railway Co.*, 128 Iowa, 211; *Dunn v. Railway Co.*, 130 Iowa, 587. It is clearly laid down in terms very aptly fitting this case in *Canon v. Railway Co.*, 101 Iowa, 613.

V.   In our view of the case it is not very material whether Leary was or was not a vice principal of the company. If he was vice principal and the accident was occasioned by his neglect of duty and without contributory negligence on the part of plaintiff, then defendant is liable. If he was not a vice principal and the company sent him and plaintiff as fellow workmen to repair a car standing on a side track where it was exposed to hazard from moving trains, it was then clearly its duty to use reasonable care to protect them in obeying its orders. In such case, as we have already observed, the workman may assume that the master's duty has been performed either by seeing to it that movement of trains upon that part of the track is not permitted, or, if permitted, that signals or precautions of some kind are employed to prevent a collision to the injury of those engaged in doing the work it has ordered done. Upon either theory of the true relation of Leary the case made is one for the jury. The decisions in *Peterson v. Railway Co.*, 149 Iowa, 496, and *Hathaway v. Railway Co.*, 92 Iowa, 337, on which appellant relies, are not in point. Of course, if the plaintiff had been instructed or directed to protect himself by putting out the signals before beginning the work, then he could not recover. That question was also for the jury.

VI.   We are also of the opinion that the court rightfully refused to rule as a matter of law that plaintiff was guilty of contributory negligence. The car upon which he was directed to work stood at the end of a considerable string of freight cars and the place where a signal should have been set to protect him was at some distance beyond the other end of the string.

5. SAME: contributory negligence.

He was not required as a matter of law to go down the track to inspect or inquire whether defendant had done its duty, but could rightfully assume that his employer had not been negligent; or, to say the least, it was for the jury to say whether as an ordinary prudent man he might not indulge in such presumption.

Some exception is taken to the instructions given the jury, but the questions so raised are controlled by the conclusions already announced, and we need not discuss them. There is no reversible error in the record, and the judgment of the district court is *Affirmed.*