# Highland Avenue & Belt Railroad Co. v. Miller.

*Action by an Employe against a Railroad Company to recover Damages for Personal Injuries.*

1. *Action against railroad company for negligence; sufficiency of complaint.*—In an action against a railroad company by an employe to recover damages for personal injuries sustained while he was acting as brakeman, a count of the complaint which alleges that the plaintiff was "knocked, shaken or jolted off of said car by reason of a violent jerk or shock to said engine and car," and that the plaintiff "was knocked. shaken or jolted from said car as aforesaid, and said injuries were caused by reason of defects in the condition of the means and appliances for coi trolling the motion of said engine," which had not been discovered or remedied owing to defendant's negligence, is sufficient and does not aver two causes of action, or separate acts of negligence in the alternative.

[Highland Avenue & Belt Railroad Co. v. Miller.]

2. *Same*; *same.*—In such an action, a count of the complaint which alleges that the plaintiff was "knocked, shaken or jolted from said car, and such injuries were caused" by reason of the engineer in charge or control of the engine to which the car was attached.negligently causing or allowing "said car and engine to be suddenly and violently jerked or shocked," states a sufficient cause of action, and is not subject to demurrer upon the ground that it states the negligence averred in the alternative

3. *Same*; *negligence*; *assumed by employe.*—While an employe assumes the risk of all sudden movements of a train on which he is employed, incident to the starting thereof, he does not assume any risk of an unnecessarily sudden movement or jerk, though it be of no more than ordinary violence, which was caused by the negligence of the engineer or by reason of defects in the appliances controlling the movements of the train, not discovered and remedied by reason of the negligence of the employer.

4. *Same*; *same*; *sufficiency of complaint*—In an action against a railroad company by an employe to recover damages for personal injuries sustained while in the discharge of his duties as brakeman, where the negligence complained of was that the plaintiff was knocked or jolted from the car where he was in the discharge of his duties, by reason of a violent jerk or shock of said engine and car, and that such jerk or shock was caused by reason of defects in the appliances for controlling the movements of the engine, or by reason of the negligence of the engineer, it is not necessary, in order to maintain such action, that the complaint should aver and the proof show that the jerk or shock which caused the plaintiff to fall was one of unusual violence or greater than was ordinarily incident to the starting and movement of the car.

5. *Same*; *same*; *general affirmative charge.*—When in such an action one of the counts of the complaint alleges that the plaintiff was thrown from the car by a sudden jerk, which was caused by reason of defects in the appliances for controlling the motion of the engine which was attached to said car, and the only evidence of defect introduced on the trial was that the brake on the engine was broken off at the time of the accident, and had been so broken for some time before, but how long was not shown, and there was no evidence tending to show that there was any causal connection between the broken brake and the sudden jerk or shock which threw the plaintiff from the car, or that the defective brake contributed in any way to cause the injury complained of, the general affirmative charge in favor of the defendant on that count should be given at its request.

[Highland Avenue & Belt Railroad Co. v. Miller.]

6. *Same; same; charge to the jury.*—In such an action, where it is shown that the brake on the engine had been broken for some time, the fact that the plaintiff had worked on the road for three years as a fireman and for three weeks as a brakeman, in the absence of evidence showing that he had worked with that engine before the accident, is not sufficient evidence to authorize the inference by the jury that he knew of such defect and, by continuing in defendant's employment, he assumed the risk incident; and a charge which predicates the plaintiff's knowledge of the defective brake from such fact is erroneous and properly refused.

7. *Same; same; negligence of engineer; charge to the jury.*—In an action by a brakeman to recover damages for personal injuries sustained by the plaintiff being thrown from a car by a sudden jerk or shock of the car, caused by the negligence of the engineer, the plaintiff's evidence that the car was su ldenly and violently jerked or shocked and that such jerk or shock was the hardest he had ever experienced, and was caused by the engineer unnecessarily giving the engine a sudden forward motion, is sufficient to justify the submission of the question of the defendant's negligence to the jury; and the general affirmative charge in favor of the defendant upon a count which charges such negligence is properly refused.

8. *Same; same; same; variance.*—In an action against a railroad company by a brakeman, where it is alleged in the complaint that the injuries complained of were sustained by the plaintiff being thrown from a car by reason of a sudden "jerk or shock" which was caused by the negligence of the defendant, there is no variance between the allegations of the complaint and evidence that the jolt was caused by the engine bumping against the car, since either a "bump" or "jerk" would impart a shock as charged.

9. *Pleading and practice; rulings of lower court will not be considered on appeal when not assigned as error.*—Rulings by the trial court on the pleadings and evidence, but which are not made the bases of assignments of error in the appellate court, will not be considered on appeal, although discussed in brief of counsel.

APPEAL from the City Court of Birmingham.

Tried before the Hon. H. A. SHARPE.

This action was brought by the appellee against the Highland Avenue & Belt Railroad Company, for the recovery of damages for personal injuries, alleged to have been sustained by the plaintiff while he was in the employment of the defendant as brakeman. The complaint contained three counts. The court gave the general

affirmative charge for the defendant as to the second count. The substance of the allegations of negligence in the first count, as amended, and in the third count are sufficiently stated in the opinion.

To the first count, as amended, the defendant demurred upon the following grounds : 1. Said count as amended is uncertain and indefinite in this, that it does not specify or indicate in what the alleged defect consisted. 2. The means and appliances for controlling the motion of the engine would comprehend and embrace all parts thereof, and defendant is not informed in what the defect consisted. 3. Although the jerk or shock may have been sudden or violent, and although it may have been caused by a defect in the means or appliances for controlling the motion of the engine, it is not alleged that the jerk or shock was unusual or more violent than such as are incident to the operation of well conducted railroads. 4. By said count the defendant is not informed whether the alleged injuries were caused by a jerk or shock, but the same is alleged in the alternative. 5. It is alleged in the alternative that the said means and appliances were worn or broken, but defendant is not informed in what the defect consisted.

To the third count the defendant demurred upon the following grounds : 1. Said count is incomplete, indefinite and uncertain. 2. That the sudden and violent jerking of a car and engine in the operation of a railroad does not constitute negligence of which plaintiff can complain. 3. The alleged negligence is averred in the alternative. 4. The sudden and violent jerking of cars and engines is naturally incident to the operation of a railroad. 5. That violent jerks and shocks of engines and cars are incident to the operation of railroads and were risks of the employment of plaintiff, which he assumed on entering into the service of defendant. 6. It is not alleged in said count that the shock or jerk alleged was more violent than such as are incident to the operation of well conducted railroads. The demurrers to the first and third counts were overruled, to each of which rulings the defendant separately excepted.

The defendant then filed the following pleas: "1. That it is not guilty of the wrongs and injuries in said

[Highland Avenue & Belt Railroad Co. v. Miller.]

complaint alleged. 2. It denies each and every allegation of the complaint. 3. Defendant further says, that plaintiff was guilty of negligence which contributed proximately to the injuries complained of, in this, that after undertaking to turn loose or let off the brake of the car upon which he was riding, at the time of said accident, he carelessly and negligently retained his hold on the brake wheel, in consequence of which he was thrown violently to the ground and injured as aforesaid. 4. For further answer to the 1st and 2d counts of the complaint, the defendant says that alleged defects in the ways, works, plant, means and appliances of this defendant were known to the plaintiff before the happening of said injury, and he continued with such knowledge in the employment of defendant for a long time, after knowledge of said alleged defects."

To the 4th plea the plaintiff demurred upon the following grounds: "1. The said plea fails to aver or show that said defects were known to plaintiff for an unreasonable time for him to have remained in defendant's employ after such knowledge. 2. Said plea fails to aver or show any facts from which it would be presumed that plaintiff had assumed the risk of injury from said defect, or that plaintiff was guilty of negligence in remaining in defendant's employ after said knowledge." This demurrer was sustained, and to this ruling the defendant duly excepted.

The facts of the case, as shown by the evidence, are sufficiently stated in the opinion. Upon the introduction of all the evidence, the court at the request of the plaintiff, gave to the jury the following written charges: (1.) "If the jury believe from the evidence that the plaintiff was thrown from the car by a jerk or shock caused by the engineer as charged in the complaint, and if they further believe from the evidence that such jerk or shock was unnecessary under the circumstances and obviously dangerous to the plaintiff, this would be evidence of negligence on the part of the engineer." (2.) "If the jury believe the evidence, the plaintiff did not assume the risk of any negligence of the engineer in the manner of moving the train, if the jury believe from the evidence there was such negligence."

[Highland Avenue & Belt Railroad Co. v. Miller.]

The defendant separately excepted to the giving of each of these charges, and also separately excepted to the court's refusal to give each of the following charges requested by it: (1.) "If the jury believe all the evidence, they should find a verdict for the defendant." (2.) "If the jury believe all the evidence; they should find a verdict for the defendant on the first count." (3.) "If the jury believe all the evidence, they should find a verdict for the defendant on the third count." (9.) "If the jury believe from the evidence that the plaintiff knew of the defective condition of the brake on the engine and continued in the employment of the defendant with such notice, then he can not recover because of such defects, provided said defects had existed for a long enough time to be remedied." (11.) "If the jury believe from the evidence that the plaintiff had loosened the brake before any signal was given to back, and that he was then on top of the car, and that there was no occasion for plaintiff to get on the step where the brake dog was located, and this step was a more dangerous place than the top of the car, and the plaintiff was thrown from the step by reason of his being voluntarily on this step, then he would not be entitled to recover." (12.) "If the jury believe from the evidence that the plaintiff was on the top of the car when it stopped at the switch, and that this was a safer place than the step where the brake dog was, and that the plaintiff voluntarily and without cause went to the step and remained there and by reason of being there he exposed himself to greater liability to injury than he would have been on the top of the car from jerks or shocks, then although the jury may believe that there was a jerk or shock which threw the plaintiff off the step by reason of his being on the step, then the plaintiff would not be entitled to recover."

There were verdict and judgment for the plaintiff, assessing his damages at $2,500. The defendant appeals, and assigns as error the several rulings of the trial court to which exceptions were reserved.

ALEX T. LONDON and JOHN LONDON, for appellant. The demurrers to the first and third counts of the complaint should have been sustained.—*Bir. Min. R. R. Co.*

[Highland Avenue & Belt Railroad Co. v. Miller.]

*v. Wilmer*, 97 Ala. 165 ; *Seaboard Manfg. Co. v. Woodson*, 94 Ala. 143.

The demurrer to the fourth plea should have been overruled. If an employe, with knowledge of the defect, for any length of time continues in the employment, after it could have been remedied, he assumes the risk of the defects. The proposition declared by the authorities is not that the employe must remain in the service with knowledge, for an unreasonable length of time, but, that he must remain in the employment, with knowledge, after the lapse of an unreasonable time for the defect to have been remedied. In order for the plaintiff to recover under the first count, it was essential that he should establish that the defect had existed for such a length of time as afforded the defendant or its employes charged with the duty of seeing that the machinery, etc., were in proper condition, a reasonable time to have made the repairs. The plea sets up that the plaintiff with knowledge of the defect, and that it had not been remedied, remained in the employment for a long time.—*L. & N. R. R. Co. v. Banks*, 104 Ala. 508 ; *Ga. Pac. R. Co. v. Davis*, 92 Ala. 309 ; *Bir. R. & E. Co. v. Allen*, 99 Ala. 359 ; *Eureka Co. v. Bass*, 81 Ala. 201 ; *Holland v. T. C., I. & R. R. Co.*, 91 Ala. 444 ; *L. & N. R. R. Co. v. Boland*, 96 Ala. 632 ; *E. T., Va. & Ga. R. R. Co. v. Turvaville*, 97 Ala. 122 ; *L. & N. R. R. Co. v. Stutts*, 105 Ala. 368 ; *L. & N. R. R. Co. v. Hall*, 87 Ala. 708 ; *Bridges v. T. C., I. & R. R. Co.*, 109 Ala. 287.

The general affirmative charge in favor of the defendant on the 1st count should have been given.—*Mary Lee C. & R. Co. v. Chambliss*, 97 Ala. 171 ; *Seaboard Manfg. Co. v. Woodson*, 94 Ala. 143 ; *L. & N. R. R. Co. v. Banks*, 104 Ala. 508.

It is to be observed that the third count alleges that the car was violently jerked or shocked, while the evidence of the plaintiff is that the car was *bumped* forward. If the count is not defective on the grounds stated in the demurrer, then it must be on the theory that a jerk and a shock are of a similar nature, and in order to prove this count, it would be necessary to show that the injury resulted from a jerk or its equivalent, a shock, and the evidence of a bump, which is essentially different from a jerk, would not sustain the count. Manifestly, the

evidence tending to show that the train was going backward would not prove that it was going forward, and yet that is the effect asked to be given to this evidence. *Hood v. Pioneer &c. Company*, 95 Ala. 461.

BOWMAN & HARSH, *contra.*—No one of the three counts of the complaint stated the cause of the injury in the alternative. There is only one allegation of negligence in either one of the counts, and the showing of the manner in which negligence resulted in injury to the plaintiff. *Woodward Iron Co. v. Herndon*, 114 Ala. 191; *K. C., M. & B. R. R. Co. v. Burton*, 97 Ala. 240; *H. A. & B. R. R. Co. v. Sampson*, 112 Ala. 425.

The general affirmative charge in favor of the defendant upon the first count of the complaint was properly refused. The defect in the engine was shown to have existed long enough to constitute negligence, and there is a failure to show that the plaintiff in any way assumed, as matter of law, the risk of a violent jerk, such as complained of and as is shown to have resulted in the injury sustained by the plaintiff.—*Bromley v. Bir. Min. R. R. Co.*, 95 Ala. 397; *L. & N. R. R. Co. v. Thornton*, 117 Ala. 274; *Laughran v. Brewer*, 113 Ala. 515; *E. T., Va. & Ga. R. R. Co. v. Watson*, 90 Ala. 41; *H. A. & B. R. R. Co. v. Sampson*, 112 Ala. 425.

TYSON, J.—Appellee sued to recover damages for injuries sustained by being knocked from and run over by a car on which he was acting as brakeman. The first count of the complaint, as amended, alleges that he was "knocked, shaken or jolted off of said car by reason of a violent jerk or shock of said engine and car," and that he was "knocked, shaken or jolted from said car as aforesaid, and said injuries were caused by reason of defects in the condition of the means and appliances for controlling the motion of said engine, which means and appliances were a part of the machinery used in the business of defendant, and were worn or broken and not sufficiently effective for said purpose." It is further alleged, in the words of the statute, that said defects arose from, or had not been discovered or remedied, owing to the negligence of defendant, or some person in the ser-

vice of defendant and entrusted by it with the duty of seeing that the ways, works, machinery or plant were in proper condition. The third count avers that plaintiff was "knocked, shaken or jolted from said car as aforesaid, and said injuries were caused, by reason of the negligence of a person in the service or employment of defendant who had charge or control of said engine, viz.: the engineer of said engine negligently caused or allowed said car and engine to be suddenly and violently jerked or shocked as aforesaid." The first count is framed under subdivion one of section 2590, of Code 1886, and the third count under subdivision five of said section. Neither of the counts is objectionable on any of the grounds specified in the demurrer. The first count does not, as contended by counsel aver alternatively two causes of action, or separate and distinct acts of negligence, but charges the negligence of the defendant, and the primary cause of the injury, to have been the defect in the condition of the means and appliances for controlling the motion of said engine, by reason of which a sudden and violent jerk or shock was imparted to the car on which plaintiff was standing, which jerk or shock caused him to fall from the car. Proof of the alleged defect in the condition of the means and appliances for controlling the motion of the engine was absolutely essential to a recovery under this count, and in the absence of such proof, there could be no recovery, however sudden and violent was the shock, or however negligently it was caused since no other act of negligence is alleged. On the other hand, there could be no recovery, however defective these means and appliances may have been, if no jerk or shock was imparted to the car by reason of the defects. The count charged but one act of negligence, and alleged its direct and immediate effect to have been the sudden jerk or shock, and its indirect, but none the less proximate and resultant effect, the injuries of which complaint is made. Sudden and even violent jerks and shocks may be necessarily incident to the starting and movement of railroad cars operated by steam, however careful may be those in charge of the engine, and of all such sudden movements, not caused by negligence, the employe assumes the risk. But the employe does not assume any risk of sudden un-

necessary movements, even though they be of no more than ordinary violence, which are caused by the negligence of the engineer in the handling of the train, or by reason of defects in the engine, or in the means and appliances for controlling its motion, arising from, or not discovered and remedied, owing to the negligence of the employer, or of the person in his employment intrusted with the duty of discovering and remedying them; and if, while using due care himself, he is injured by reason of such negligence, the employer is liable. It was for the purpose of giving a right of action to an employe for injuries resulting from such acts of negligence on the part of co-employes that the employers' liability act, under which this complaint was framed, was adopted. It was not necessary, therefore, to aver in either count that the shock or jerk which caused plaintiff to fall from the car was of more than usual violence, or greater than was ordinarily incident to the starting and movement of cars, since in the first count it is charged to have been caused by reason of the defect in the engine, and in the third by the negligence of the engineer. The averment in the third count that "the engineer of said engine negligently caused or allowed said car and engine to be suddenly and violently shocked as aforesaid," is sufficient; very general averments of negligence, little short of mere conclusions, being sufficient to meet all requirements under our system of pleading.—*Ga. Pac. R'y Co. v. Davis*, 92 Ala. 307; *Mary Lee C. & R. Co. v. Chambliss*, 97 Ala. 174. The words "jerked or shocked," as used in the averment, do not indicate, in the alternative, two separate acts of negligence. Other questions arising on the rulings on the pleadings and evidence, are discussed by counsel, but there are no assignments of error relating to them, and they will not be considered.

The evidence shows that the engine was pushing a box-car, half loaded with pig iron and coupled to the front of the engine, along the main track for the purpose of putting it on a side track, and that the car was pushed from five to ten feet beyond the switch point and stopped. It then became necessary to back the engine and car in order to clear the switch point. Plaintiff stood on the brake-dog on the end of the car next to the

engine, within sight of the engineer, and when the car ran by the switch he put on the brake, and when the car stopped he turned off the brake and signalled the engineer to back. Plaintiff testified that the engineer, instead of immediately backing, "gave a hard knock forward and then backed up." "The car was in front of the engine, and when the engineer came forward to take up the slack the bump knocked me off. Then it started back and the wheels of the car ran over my leg." The engineer, switchman, and two firemen, testifying in behalf of defendant, stated that after the car was first stopped beyond the switch, there was no forward motion of the car or engine, and that no such motion was necessary to pull back one car, and defendant's testimony further tended to show that there was no unusual jolt or shock imparted to the car. The evidence showed without dispute that the brake of the engine was broken off at the time of the accident, that it was broken when the engine left the round-house that morning, and had been broken "for some time before," but for how long was not shown. No other defect in the engine or car was shown. No evidence was offered tending to show that there was any causal connection between the broken brake of the engine and the shock that threw plaintiff from the car, and we are unable to perceive how this defect could have contributed in the slightest degree to plaintiff's injury. The purpose of the brake is to assist in stopping the engine, and not in putting it in motion. The car was standing still, and the shock imparted to it, if any, was caused by putting the engine in motion, for which purpose it was certainly not necessary to use the brake. We are of the opinion that, in the absence of some evidence tending to show that the defective brake contributed to cause the injuries complained of, the jury was not authorized to infer from the facts in evidence that it had this effect, and hence the general charge in favor of the defendant on the first count should have been given.

The evidence did not justify the hypothesis of facts contained in charge 9, requested by defendant. It was shown that the brake was broken when the engine left the round-house on the morning of the accident, and had been broken for some time before. It was further shown

35

[Highland Avenue & Belt Railroad Co. v. Miller.]

that plaintiff had worked on the road for three years as a fireman, and for three weeks as a brakeman, but it was not shown that he had ever seen or worked with this engine before the day of the accident. These facts were sufficient to authorize the inference that the defect was known to, or ought to have been discovered and remedied by the defendant, but they were not sufficient to authorize an inference that plaintiff knew of the defect, and failed in a reasonable time to give information thereof to defendant. Moreover, the demurrer to the plea by which it was sought to set up this defense, had been sustained, and this issue was not, therefore, before the jury. The evidence was sufficint to justify the submission of the case to the jury on the third count, which charged negligence on the part of the engineer in causing "the car and engine to be suddenly and violently jerked or shocked." The testimony of plaintiff that the shock was unusually violent, the hardest he had ever experienced, and was caused by the engineer unnecessarily giving the engine a sudden forward motion, was some evidence of a want of care on the part of the engineer.—*Birmingham Min. R. Co. v. Wilmer*, 97 Ala. 168.

There was no variance caused by the testimony of the plaintiff tending to show that the jolt imparted to the car was caused by the engine "bumping" forward against the car. While a "jerk" usually implies a movement in the direction of the power causing it, and a "bump" implies a movement in the opposite direction, yet each would impart a shock to to the car, as charged in the complaint.

For the error pointed out, the judgment of the lower court is reversed and the cause remanded.

This opinion was prepared by Chief Justice BRICKELL.