JOHN BOWES *vs.* NEW YORK, NEW HAVEN, AND HARTFORD RAILROAD COMPANY.

Worcester.  January 14, 1902. — March 7, 1902.

Present: HOLMES, C. J., LATHROP, BARKER, HAMMOND, & LORING, JJ.

*Negligence,* On railroad, Contributory, Employers' liability, assumption of risk. *Practice, Civil,* Exceptions.

For the conductor in charge of a freight train to order a brakeman to go between two of the cars to put in order a defective coupling and then to start the train

without giving him any warning, is negligence, for which the railroad company is liable if the brakeman in consequence is caught between the cars and injured. A brakeman ordered by the conductor in charge of a freight train to go between two of the cars and put in order a defective coupling on one of them, which had to be fitted before the cars could be coupled, does not assume the risk of the train starting while he is there, and is in the exercise of due care in remaining at his post engaged in the work which he was bidden to do.

In an action by a brakeman for injuries caused by the plaintiff being caught between two cars of a freight train of the defendant, by the train being started while the plaintiff, by order of the conductor in charge of the train, was engaged in putting in order a defective coupling on one of the cars, the plaintiff elected to go to the jury upon a count which alleged that the plaintiff was injured "by reason of the negligence of some person in the service of the defendant, who had charge or control of a train upon the railroad of the defendant"; and the judge ordered a verdict for the defendant on a count which alleged, that the plaintiff was injured "by reason of the negligence of some person in the service of the defendant, who had charge or control of a locomotive engine upon the railroad of the defendant," but refused to give a ruling that there was "no evidence of any negligence of the engineer causing the accident." The plaintiff had a verdict. The evidence showed, that the plaintiff was in the exercise of due care and did not assume the risk of the accident which happened to him and that the conductor was negligent, but there was no evidence of negligence on the part of the engineer. *Held*, that exceptions by the defendant must be sustained, as the defendant had a right to the express ruling that there was no evidence of negligence on the part of the engineer.

TORT by a brakeman for injuries received in the defendant's freight yard at Worcester by a freight train starting while the plaintiff by order of the conductor of the train was between two of the cars putting in order a coupling on one of them. Writ dated June 30, 1900.

The first count of the declaration alleged, that the plaintiff was injured "by reason of the negligence of some person in the service of the defendant, who had charge or control of a train upon the railroad of the defendant." The second count alleged, that he was injured "by reason of the negligence of some person in the service of the defendant, who had charge or control of a locomotive engine upon the railroad of the defendant."

At the trial in the Superior Court before *Fox*, J., at the close of the evidence, the plaintiff elected to go to the jury on the first count. The plaintiff's counsel argued to the jury, that the plaintiff was entitled to a verdict if the engineer was negligent, on the ground that the engineer was the person in charge or control of the train.

The defendant asked the judge to give the following instruc-

tions: 1, there was no sufficient evidence to warrant a verdict for the plaintiff on the pleadings and evidence in this case; 2, that there was no evidence of any negligence of the conductor causing the accident; 3, that there was no evidence of any negligence of the engineer causing the accident; 4, that the only person whose negligence was material upon the count elected by the plaintiff, and upon the evidence in the case, was the conductor.

The judge refused to give these rulings, but upon the matters involved in the fourth request, ruled as follows: " The plaintiff has elected to go to the jury upon the first count, which, in substance, charges the neglect of the person in charge of the train. You, therefore, will bring in a verdict for the defendant on the second count, which charges neglect upon the engineer, in substance, in any event. If you find for the plaintiff, you will find for the plaintiff only on the first count."

The jury returned a verdict for the plaintiff on the first count in the sum of $2,500; and the defendant alleged exceptions.

*W. C. Mellish*, for the defendant.

*H. Parker*, for the plaintiff.

BARKER, J. 1. The refusal to rule that there was no sufficient evidence to warrant a verdict for the plaintiff was right.

The uncontradicted evidence was that the conductor was in charge of the train and gave the signal in obedience to which the train was pushed forward and the cars between which the plaintiff was at work brought in contact. There was evidence tending to show that shortly before the conductor gave the signal he had ordered the plaintiff to go to the place where he was hurt, not for the purpose of coupling the two cars when they should be brought together, but for the purpose of fixing a defective coupling, and that the conductor knew or had good reason to know that the plaintiff was still between the two cars and engaged in fixing the coupling, and that the conductor gave the plaintiff no warning that the cars were about to be brought together. From this it fairly could be found that the conductor was negligent in giving the signal for the train to move and that the plaintiff was in the exercise of due care in remaining at his post engaged in the work which he had been bidden to do. If he had gone between the cars merely to couple them

when they should be brought into contact, the risk of doing that would have been one of the ordinary risks of his employment, which he assumed, and in that case it would have been his duty to look out for himself and he would not have been entitled to . expect any warning that the cars were about to be brought together. But when he was ordered by the conductor in charge of the train to fix a defective coupling, which must be fixed before the cars could be coupled, he had a right to expect that at least unless he should be given warning the cars would not be moved while he was between them at work, and he could be found not to have accepted the risk that they should so be brought together.

2. We think that the jury should have been instructed that there was no evidence of any negligence of the engineer, and that the only person whose negligence was material upon the first count, upon which alone the case went to the jury, was the conductor. Probably the presiding judge thought that it was made clear to the jury that they could not give a verdict for the plaintiff by reason of negligence on the part of the engineer by the direction to bring in a verdict for the defendant on the second count which in substance charged neglect upon the engineer. But the second count did not in terms charge negligence upon the engineer, but upon " some person in the service of the defendant, who had charge or control of a locomotive engine upon the railroad of the defendant," and the first count did not in terms charge negligence upon the conductor but upon " some person in the service of the defendant, who had charge or control of a train upon the railroad of the defendant." There was not in fact any evidence of negligence on the part of the engineer. It is plain upon the evidence that he neither knew nor could have known of any reason why he should not obey the signals transmitted to him in due course as orders, and that all that he did was to obey them in a proper manner. Nor was there any evidence that the train was in charge or control of the engineer or of any other person than the conductor. As the case stood after the election of the plaintiff to rely only on the first count we think the defendant was entitled to have the issues as to the negligence of the engineer clearly eliminated from the case by the instructions requested, and that the statement of the pre-

siding judge with reference to their action upon the two counts
was not a sufficient compliance with the requests.

*Exceptions sustained.*