# PITTSBURGH, CINCINNATI, CHICAGO & ST. LOUIS RAILWAY COMPANY *v.* NICHOLAS.

[No. 20,665.   Filed January 5, 1906.]

1. PLEADING.—*Complaint.*—*Railroads.*—*Employers' Liability Act.* —*Master and Servant.*—A complaint, alleging that the plaintiff brakeman was employed in defendant railroad company's yards in making up trains; that the conductor to whose order he was bound to conform directed him to get on a car and when the train had placed it on a particular track and had cut it loose for him to set the brakes and stop it at a certain place; that he took such position but the conductor negligently failed to cut such car loose and negligently gave the engineer a signal to stop suddenly, whereby his car was violently checked, throwing him off the car underneath the train and injuring him, states a cause of action under section one of the employers' liability act (Acts 1893, p. 294, §7083 Burns 1901).   p. 681.

2. TRIAL.—*Answers to Interrogatories.*—*Railroads.*—*Negligence of Conductor.*—*Employers' Liability Act.*—Where the answers to interrogatories, in an action by a brakeman against the railroad company, show that it was a custom for brakemen to look after their own safety, and that it was the duty of the conductor of defendant railroad company to cut off plaintiff's car before plaintiff fell therefrom because of such conductor's negligent signal to the engineer to stop the train suddenly, a motion

by defendant for judgment on such answers should be over-ruled, since by section one of the employers' liability act (Acts 1893, p. 294, §7083 Burns 1901) the brakeman did not assume the risk of the negligence of a superior servant to whose orders he was bound to and did conform where such injury occurred while acting in obedience to such orders; and the establishment of a negligent custom by such company does not defeat such liability. p. 683.

3. EVIDENCE.—*Order of Admission.—Expert.—Handling Trains.*—The handling of trains is a proper subject for expert testimony, and the admission of such evidence out of its regular order is not reversible error. p. 684.

4. TRIAL.—*Instructions.—Railroads.—Employers' Liability Act.—Assumption of Risk.*—An instruction that defendant has the burden of proof on its answer of assumption of risk is harmless, even if erroneous, where the evidence shows that plaintiff's injuries were caused by a negligent order of the defendant's conductor to stop suddenly the engine of the train upon which plaintiff was stationed by such conductor's order, thus throwing plaintiff under the train and causing him injury. p. 684.

5. APPEAL AND ERROR.—*Weighing Evidence.*—The Supreme Court will not weigh conflicting evidence in a case triable by jury. p. 685.

From Henry Circuit Court; *John M. Morris,* Judge.

Action by Howard E. Nicholas against the Pittsburgh, Cincinnati, Chicago & St. Louis Railway Company. From a judgment of the Appellate Court affirming a judgment for plaintiff, defendant appeals under subd. 3, §1337j Burns 1901, Acts 1901, p. 565, §10. *Affirmed.*

*John L. Rupe* and *L. P. Newby,* for appellant.

*W. J. Beckett, Elliott, Elliott & Littleton* and *Eugene H. Bundy,* for appellee.

MONTGOMERY, J.—Appellee brought this action for damages resulting from a personal injury received while in the employ of the appellant as a brakeman, and recovered a judgment of $7,500. This judgment was affirmed by division number one of the Appellate Court, and from that division this appeal is prosecuted.

By proper assignment of errors it is alleged in substance that the decision of the Appellate Court is erroneous in holding that the circuit court did not err in overruling (1) appellant's demurrer to the complaint, (2) its motion for judgment upon the answers of the jury to special interrogatories, and (3) its motion for a new trial.

It appears from the complaint that appellee was employed in appellant's yards in the city of Indianapolis, and at the time of receiving his injury was engaged in making up trains; that the conductor, to whose orders he was bound to conform, desiring to place a certain refrigerator-car on a particular track, directed him to go upon the car for the purpose of setting the hand brake thereon, after said car had been cut loose from the train or cut of cars to which it was attached, thereby checking its speed and stopping it at the proper point; that pursuant to such order, and in conformity thereto, appellee was at his post upon said car, and the conductor ran the train upon said track, but negligently failed to cut said car loose from the train and engine to which it was attached and which was propelling the same, and without having done so, or knowing that the same was done, negligently gave the engineer in charge of said engine a signal to stop said engine suddenly and quickly, whereby the car upon which appellee was stationed was caused to stop suddenly, and he was thereby violently thrown from the top of said car to the ground beneath said train, and injured.

The complaint is in a single paragraph, and the cause of action stated is founded upon section one of the employers' liability act (Acts 1893, p. 294, §7083 Burns 1901). It is conceded by appellant's counsel that the complaint sufficiently shows that at the time of receiving his injury appellee was acting under orders of a superior, to whose orders he was subject, and required to yield obedience. It is insisted that the negligence on the part of the appellant is

not sufficiently alleged, because it is not alleged that it was the duty of the conductor to cut off said car, or that he knew of appellee's perilous position at the time he gave the stop signal of which complaint is made.

It was shown that the conductor was in charge of the train and of the work in hand. In pleading it is not necessary that a duty be charged in specific terms, but it is essential and sufficient that particular facts and circumstances from which the duty arises be declared. It is a matter of common knowledge that the sudden stopping of an engine propelling a train of cars will result in a violent jerk of the cars at the end of the train remote from the engine. The conductor must have known this fact and its probable effect upon appellee, and his act in causing the train to be stopped in the manner and under the circumstances alleged was negligence. Taking all the averments of the complaint together, it sufficiently appears that the conductor owed appellee the duty either to cut off the car himself, or to cause it to be done, before giving the signal for a sudden stopping of the engine. It was not necessary to allege notice or knowledge on the part of the conductor of appellee's position on the car. It is averred that appellee was there in obedience and conformity to the specific order of the conductor, and, this being true, the conductor was bound to know and was chargeable with knowledge of his situation with all of its attendant perils.

The negligence of appellant's conductor in causing the car and the train to be quickly and suddenly stopped, as alleged, was the proximate cause of appellee's injury, and, as pleaded, constituted a cause of action under the provisions of the statute mentioned. No error was committed in overruling appellant's demurrer to the complaint. *Louisville, etc., R. Co.* v. *Wagner* (1899), 153 Ind. 420; *Terre Haute, etc., R. Co.* v. *Rittenhouse* (1902), 28 Ind. App. 633;

*Thacker* v. *Chicago, etc., R. Co.* (1902), 159 Ind. 82, 59 L. R. A. 792; *Republic Iron & Steel Co.* v. *Berkes* (1904), 162 Ind. 517.

The answers of the jury to special interrogatories show, among other facts, that under the common practice and manner of conducting work in the yards, after receiving 2. instructions, brakemen were expected to look after their own safety in the movement of cars, without signals or warning; that it was the duty of the conductor to cut off said car before appellee fell from it; and that the accident occurred about 3 o'clock a. m. It is argued that since appellee was expected to look after his own safety while engaged in moving cars appellant's conductor owed him no duty while giving the stop signal of which complaint is made. This argument is palpably untenable. Appellant is charged with a continuing duty to exercise care for the safety of persons in its service and under its control, and can not be absolved therefrom by suffering a negligent custom to be established in the conduct of its business. Appellee's assumption of the ordinary risks of the service did not include the unexpected and unknown negligence of a superior servant while exacting and receiving implicit obedience to a specific order. The act of appellant's conductor in causing the sudden stoppage of the car was negligence, and by positive statute such negligence is made actionable when injury results therefrom to one in the exercise of due care, while yielding compulsory obedience and conformity to the order of its author. §7083, *supra; American Rolling Mill Co.* v. *Hullinger* (1904), 161 Ind. 673; *Terre Haute, etc., R. Co.* v. *Rittenhouse, supra; Gould Steel Co.* v. *Richards* (1903), 30 Ind. App. 348; Reno, Employers' Liability Acts, §§247, 249; *Woodward Iron Co.* v. *Andrews* (1896), 114 Ala. 243, 21 South. 440; *Taylor* v. *Evansville, etc., R. Co.* (1889), 121 Ind. 124, 131, 6 L. R. A. 584, 16 Am. St. 372. Appellant's motion for judgment in its favor was therefore rightly overruled.

In the motion for a new trial complaint is made of the admission of the testimony of certain railroad men as to the method of handling trains and cars in appellant's yards. These men are shown to have been experienced in the line of work covered by their testimony, and to possess special knowledge and skill in that respect, and the rule excluding opinions was not violated in admitting their testimony, nor was any reversible error committed by prematurely admitting this evidence out of its logical order.

Appellant complains of the giving of instruction number one, requested by appellee. This instruction informed the jury as to the issues, and advised them that appellee was entitled to recover if he had proved the material allegations of his complaint, and that the burden of proving the material allegations of the second paragraph of answer, which charged an assumption of the risk, was upon appellant.

Appellant's counsel contend that the complaint was insufficient, and therefore establishing its averments would not justify a recovery. This contention has already been considered and held untenable. It is further insisted that the burden was not upon appellant to prove the allegations of its affirmative paragraph of answer.

Appellee, under his relation to appellant, was required to obey the orders of the conductor over him, and, in the performance of the work in hand at the time he was injured, was conforming to a specific order of such conductor, and was not free from constraint. Assumption of risk rests upon voluntary action. It is, furthermore, clear from the facts in this case, that appellee could not have anticipated the negligence which was the proximate cause of his injury, and as already said did not assume the risk arising from such negligence. It is, accordingly, manifest that the instruction complained of, if erroneous in the respect mentioned, was harmless.

Charge number one, requested by appellant, was a peremptory instruction in its favor, and was properly refused. The refusal to give instruction number eight, at the request of appellant, was clearly right.

We will not review the evidence in detail, as it establishes the material averments of the complaint, and fully sustains the verdict of the jury. We are not warranted in disturbing the judgment on the ground of insufficient evidence. *Missouri, etc., R. Co.* v. *Schilling* (1903), 32 Tex. Civ. App. 417, 75 S. W. 64; *Quinlan* v. *Chicago, etc., R. Co.* (1901), 113 Iowa 89, 84 N. W. 960; *Highland Ave., etc., R. Co.* v. *Miller* (1898), 120 Ala. 535, 24 South. 955; *Louisville, etc., R. Co.* v. *Smith* (1900) 129 Ala. 553, 30 South. 571; *Bowes* v. *New York, etc., R. Co.* (1902), 181 Mass. 89, 62 N. E. 949; *Texas, etc., R. Co.* v. *Behymer* (1903), 189 U. S. 468, 23 Sup. Ct. 622, 47 L. Ed. 905.

It follows that no error was committed in overruling appellant's motion for a new trial. The judgment of the Henry Circuit Court is affirmed.