FREDERICK A. NORRIS vs. PETER J. ALLEN.

Suffolk.    March 12, 1914.— May 21, 1914.

Present:  RUGG, C. J., HAMMOND, LORING, BRALEY, & CROSBY, JJ.

*Negligence*, Employer's liability.   *Automobile.*

In an action by a chauffeur against his employer for personal injuries sustained from
    the cranking handle of an automobile flying back and striking the plaintiff
    on the wrist when he was attempting to obey an order of the defendant to crank
    the car, where it appears that the plaintiff entered the defendant's employ as
    a chauffeur on the previous day and was injured on his first trip, and that,
    although he was an experienced chauffeur, he was not familiar with the mecha-
    nism of that particular car, which had been bought by the defendant on the
    previous day, if there is evidence that, when the plaintiff was cranking the
    car, the defendant without the plaintiff's knowledge changed the position
    of the levers, and either knew that the probable effect would be to cause a
    "back fire" or was ignorant what the effect would be, the plaintiff is entitled
    to go to the jury on the questions whether he was in the exercise of due care
    and whether the defendant was negligent.

CROSBY, J.   The plaintiff while cranking an automobile was
injured by a "back fire;" that is, the crank of the machine re-
volved in the direction opposite to that in which it was being
turned by the plaintiff, striking him and breaking his wrist.   There
was evidence to show that the plaintiff was in the employ of the
defendant and that the defendant owned the automobile.   At
the conclusion of the evidence the trial judge * directed a verdict
for the defendant and reported the case to this court.   No ques-
tion of pleading is open, none having been raised in the report.
*Ridenour* v. *H. C. Dexter Chair Co.* 209 Mass. 70, 78.   The re-
port recites, "it being agreed that if, on the evidence, the case
should have been submitted to the jury, judgment is to be en-
tered for the plaintiff in the sum of $500; otherwise judgment is
to be entered for the defendant."   Therefore the only questions
presented are, whether there was evidence for the jury of due care
on the part of the plaintiff, and of negligence of the defendant.
    While the defendant denied that the plaintiff was in his em-

* *Keating*, J.

ploy, or that he owned the automobile, these clearly were questions of fact to be determined by the jury upon conflicting evidence. There was evidence to show that the plaintiff entered the defendant's employ as a chauffeur on the day before he was injured; that he met with his injuries on his first trip; that the automobile had been purchased the day previously, and that he was not familiar with the mechanism of that particular car, but was a chauffeur of experience. There was also evidence to show that at the time of the accident the machine was not equipped with batteries, and that this fact was known by the defendant but was not known to the plaintiff.

The plaintiff testified that just before he was injured the defendant directed him to crank the machine; and the report states, "The plaintiff put the switch on the batteries and set the lever in a retarding position on the operating wheel and went to the front of the machine and started to crank it up, when the defendant touched some of the levers on the front of the machine, the plaintiff being in the act of cranking, there was a back fire, that is, the crank of the machine came back and struck the plaintiff on the wrist, severely injuring him." The plaintiff testified that after he was directed to crank the car the defendant "got into the car by the wheel and he says, ' I will fix her;'" that the· defendant "had been moving the spark lever or something, and when I cranked the car about half, it went over and kicked back and broke my wrist." The defendant denied touching the levers on the front of the car. There was evidence to show that this automobile could be started by cranking, with the switch placed either on the batteries or on the magneto; that the switch was attached to the front of the machine. It also appeared from the evidence that when the switch was on the magneto there was much more danger of a "back fire" than when on the batteries, unless greater energy was expended in more rapidly cranking the car; that is to say, if the switch was set on the batteries, it was not necessary for the operator to use the same amount of energy to carry the piston over the top of the cylinder beyond a dead centre and keep it revolving as when the switch was set on the magneto. It also appeared that if there were no batteries in this automobile the motor could not have been started at all, because there could be no ignition, and therefore the only way in which there could

have been a "back fire" was by reason of the switch having been placed on the magneto.

The plaintiff contends that after he had put the switch on the batteries and set the lever in a retarding position and started to crank the car, the defendant moved the levers on the front of the car, causing the crank of the machine to fly back and strike him on his wrist; that, as he was ignorant of this change in the position of the levers by the defendant, he did not use the degree of energy in cranking the car that was necessary and that would have been applied by him had he known that the lever had been moved from the batteries and set upon the magneto.

The report does not disclose what experience the defendant had at this time with the operation of automobiles, although he testified that he knew how a car should be operated but did not know how to operate it himself. He also testified that he bought and sold automobiles and other property. If, without the knowledge of the plaintiff, he changed the position of the levers while the plaintiff was cranking the machine, and knew that the probable consequence would be to cause a "back fire," it is plain that his act might be regarded as negligent. If he was ignorant of the consequences of such an act on his part, and changed the position of the levers without knowing what the effect would be, he would be equally culpable. To interfere with the mechanism of the machine under such circumstances could be found to be an act lacking in reasonable care and prudence.

We are of opinion that if the jury believed the testimony offered by the plaintiff, a finding would have been warranted that the plaintiff was in the exercise of reasonable care. *Mahoney* v. *Bay State Pink Granite Co.* 184 Mass. 287, 289. *Meagher* v. *Crawford Laundry Machinery Co.* 187 Mass. 586. *Lewis* v. *Coupe,* 200 Mass. 182. *Shannon* v. *Shaw,* 201 Mass. 393, 396. *Brooks* v. *Kinsley Iron & Machine Co.* 202 Mass. 228. *Chiuccariello* v. *Campbell,* 210 Mass. 532.

We also are of opinion that the jury would have been warranted in finding that the plaintiff's injury was due to the negligence of the defendant in interfering with and changing the levers without informing the plaintiff of such changes; and that this act of the defendant was the sole and proximate cause of the injury. In view of the serious consequences which reasonably might be ex-

pected to follow from changing the position of the levers, such acts might be found to be negligence, and for the consequences of such negligence the defendant would be liable to the plaintiff.

For the reasons stated above, the plaintiff was entitled to go to the jury. *Bowes* v. *New York, New Haven, & Hartford Railroad,* 181 Mass. 89, 92. *Oulighan* v. *Butler,* 189 Mass. 287, 294. *Cook* v. *Newhall,* 213 Mass. 392.

In accordance with the agreement of the parties as stated in the report the entry must be

*Judgment for the plaintiff in the sum of $500.*

*E. M. Shanley,* for the plaintiff, submitted a brief.

*I. Abrams,* (*M. Ulin* with him,) for the defendant.